TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0117-KB

IN RE: MARCUS DANIEL GALE

IN SUPREME COURT

## OPINION AND ORDER

This matter comes before the Court on the motion of the Kentucky Bar Association (KBA) Office of Bar Counsel (OBC), pursuant to Supreme Court Rule (SCR) 3.167, to indefinitely suspend Marcus Daniel Gale from the practice of law due to his failure to file Answers to Charges. Gale's KBA member number is 88194, and his bar roster address is 6900 Houston Road, Suite 21, Florence, Kentucky, 41042. He has been licensed to practice law in the Commonwealth of Kentucky since May 1, 2000. For the following reasons, we grant the KBA's motion.

The KBA's motion for suspension arises out of three separate cases. We discuss each in turn.

### A. OBC File 23-DIS-0140

Sometime in 2022, Joel Bailey hired Gale to represent him in a divorce action. Gale charged Bailey $400 for an uncontested divorce. Bailey and his estranged wife both signed the papers, and Bailey returned them to Gale to file. Bailey called, left messages, and texted Gale without receiving any reply. Gale repeatedly promised to file the dissolution paperwork but failed to do so. Bailey

incurred a tax penalty due to Gale's failure to assist him in dissolving his marriage in a timely fashion.

On April 13, 2023, Bailey filed a bar complaint against Gale. The complaint was initially opened for alternative disposition under SCR 3.160(3)(c), and on April 25, Deputy Bar Counsel attempted to contact Gale by phone and email to discuss the complaint. After Gale failed to respond, the complaint was formally opened under SCR 3.160(1) on May 3. Gale was served via certified mail, but OBC did not receive confirmation of delivery from the United States Postal Service. Gale emailed Deputy Bar Counsel on May 22, and requested a response deadline of May 31. Deputy Bar Counsel agreed. On May 31, Gale called and emailed to request additional time to respond. When Gale stated that he did not receive the complaint until May 20, 2023, Deputy Bar Counsel agreed that Gale could have until June 9, to respond.

Gale emailed his response on June 11, 2023. The following day, Gale emailed Deputy Bar Counsel stating that he had been ill and would try to mail the original response that day. On June 16, Deputy Bar Counsel emailed Gale to remind him that he needed to mail the original of his response to OBC. The original response was received in the mail on June 27.

In his response to Bailey's bar complaint against him, Gale attempted to place the blame for his failure to communicate on Bailey sending text messages to a number that Gale rarely checks, as he prefers that his clients use an online portal to communicate with him. In an effort to resolve the issue, Gale

2

contacted Bailey and promised to expedite his paperwork and to refund him one half of the fee charged. Bailey did not provide any supplemental comments.

On October 17, 2023, Bailey filed all of the documents needed to obtain his divorce pro se. The Grayson Circuit Court entered a decree dissolving Bailey's marriage on October 20, 2023.

On December 4, 2023, the Inquiry Commission formally charged Gale with violating SCR 3.130(1.3) and SCR 3.130(1.4)(a)(3) and (4).

**B. OBC File 23-DIS-0192**

On January 12, 2023, Tabitha Woodson paid Gale $370 for an uncontested divorce. On January 16, Gale sent Woodson documents through an online client portal, and Woodson reviewed, signed, and returned them to him the same day. On January 18, Woodson sent Gale a message, using the online client portal, asking for confirmation that Gale had received her documents. Gale responded that he had. Woodson began seeking updates on the status of her case on January 25. Between that date and April 10, Woodson either left voicemails or sent messages through the client portal more than thirty times without receiving a response. She never spoke to Gale again.

On June 9, 2023, Woodson filed a bar complaint against Gale alleging that he failed to perform the work for which she had hired him and would not respond to her requests for updates on the status of her case. OBC sent Gale a copy of Woodson's complaint via certified mail, but it was returned as "unclaimed, unable to forward" on July 12. On that same day, Deputy Bar Counsel sent Gale an email to inform him about the new complaint, and Gale

3

agreed to accept service via email. OBC then emailed Gale a copy of the complaint and received an electronic delivery receipt. Gale also responded by email to acknowledge that he received a copy of the complaint. Gale's response to the complaint was due on August 1. Deputy Bar Counsel emailed Gale on August 16, advising him that his response was overdue and that he needed to request an extension of time if he intended to file a response. The email also reminded Gale that failure to respond could subject him to an additional charge of misconduct. Gale did not respond to either the email or the complaint.

On December 4, 2023, the Inquiry Commission formally charged Gale with violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3) and (4), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b).

## C. OBC File 23-DIS 0283

On February 1, 2023, Nicole Colley retained Gale to handle her divorce. They agreed on a fee of $620, $370 of which would be paid up front and the balance would be due when the case was complete. Colley paid Gale the initial $370 on February 13. Between February 18 and April 3, Colley tried at least seven times to contact Gale by email or phone. She finally reached him by phone on June 23, and he told her that he had not realized she was a client. Gale promised to work on her case and to prepare her documents by June 26. Colley sent Gale a message on June 30, asking about the status of her documents. She emailed Gale on July 5 to follow up. Gale responded on July 7 saying that he had been on vacation and would work on her case. Colley

4

attempted to follow up again on July 12, but received no response until July 14. At that time, Gale apologized for the delay, saying he mistakenly believed her paperwork had already been completed. He told her that he would call her later in the day, but he did not.

Throughout the months of July and August, Colley continued to send messages through Gale's client portal and by text and attempted to contact Gale by phone. He never responded and never sent her any documents. On July 28, Colley left a message informing Gale that her estranged husband was defaulting on his bills which was affecting her credit. She attempted to contact Gale again by phone on August 15, but received a recorded message that her call could not be completed. Colley's final message to Gale on August 18, informed him that she was filing a bar complaint against him.

Colley filed a bar complaint on August 30, 2023, and OBC sent Gale a copy via certified mail. On October 23, the certified letter was returned marked "unable to forward[.]" Meanwhile, on September 25, OBC sent a letter to the Boone County Sheriff's Department requesting formal service of the complaint on Gale. On October 31, OBC received notification from the Boone County Sheriff's Office, dated October 25, 2023, that the sheriffs were unable to serve Gale because he was avoiding service. On October 25, OBC served the Executive Director of the KBA, as Gale's agent. On November 6, the Executive Director mailed a letter to Gale's bar roster address with a copy of the complaint enclosed. Gale did not respond.

On December 4, 2023, the Inquiry Commission formally charged Gale with violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3) and (4), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b).

## D. Charges Issued by the Inquiry Commission

All of the Charges were mailed to Gail via certified mail on December 6, 2023. On January 4, 2024, the United States Postal Service returned the mail to the KBA. On January 22, 2024, OBC requested service by the Boone County Sheriff. On February 1, 2024, the Boone County Sheriff's Office returned the Charges marked "not served—moved out of this office two months ago[.]" On February 16, 2024, OBC served the Executive Director of the KBA, as Gale's agent. On that same day, the Executive Director mailed a letter to Gale's bar roster address, with a copy of the complaint enclosed. As of March 20, 2024, Gale had not filed an Answer to the Charges.

## E. Prior Discipline

On September 28, 2005, the Inquiry Commission issued a private admonition against Gale for engaging in misconduct involving dishonesty, fraud, deceit, or misrepresentation. The admonition was based on his conduct in surreptitiously recording a telephonic pre-trial conference.

On March 12, 2021, the Inquiry Commission issued a conditional private admonition against Gale for violating SCR 3.130(1.3) (diligence), SCR 3.130(1.4)(a)(3) and (4) (communication), SCR 3.130(1.5)(f) (fees), SCR 3.130(1.15)(b) (safekeeping property), and SCR 3.130(1.16)(d) (termination). This admonition arose out of a divorce case for which Gale was hired in June

6

2019. Gale attempted to charge a flat, non-refundable fee, in violation of the rules, and charged his client for documents which he prepared, and which she signed, but which he never filed with the court. When the client fired Gale in August 2020 due to the lack of progress and failure to communicate, Gale refused to refund any part of the fee previously paid. The private admonition was conditioned on Gale making a partial refund to the client and successfully completing the Ethics and Professionalism Enhancement Program.

Gale is currently suspended from the practice of law, and has been since January 19, 2024, for failure to pay his Bar dues and failure to fulfill his CLE requirements.

We agree with the KBA that an indefinite suspension is warranted. Based on the foregoing, it is hereby ORDERED:

1. The KBA's motion to indefinitely suspend Gale from the practice of law is GRANTED.

2. Accordingly, pursuant to SCR 3.167(1), Marcus Daniel Gale is hereby suspended indefinitely from the practice of law in the Commonwealth of Kentucky.

3. As required by SCR 3.390(2), Gale shall, within twenty (20) days after the issuance of this Order, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he must inform all clients, by mail, of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Gale shall simultaneously

7

provide a copy of all such letters of notification to the Office of Bar Counsel. Gale shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Gale is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not, during the term of suspension, accept new clients or collect unearned fees and shall otherwise comply with the provisions of SCR 3.130(7.50(5)).

All sitting. All concur.

ENTERED: JUNE 13, 2024.


_____
CHIEF JUSTICE

8